# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-10007-AG (SK) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Kenneth Wayne Lewis v. Mens Colony | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On November 29, 2018, Petitioner filed a petition for writ of habeas corpus challenging his 1979 conviction and life sentence, apparently for murder. The Petition is subject to summary dismissal, however, because it "plainly appears from the petition and [] attached exhibits that the petitioner is not entitled to relief in the district court" for at least three reasons. Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

First, the Court lacks jurisdiction. Petitioner has, at the outset, failed to name the proper respondent to this action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) ("proper respondent is the warden of the facility where the prisoner is being held"). But even if the Petition had named the proper respondent, jurisdiction would still be lacking because a state prisoner is not entitled to habeas relief in federal court unless he is held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 119 (1982). While California prisoners may possess a state liberty interest in parole, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 219-20 (2011); *see Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Thus, to the extent that Petitioner challenges the correctness of the outcome of any parole decision, that is a pure state law claim not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). That the Petition is asserted under California Penal Code section 1473 and submitted on a form for state habeas petitions only reinforces the conclusion that Petitioner's state parole challenge has no place in federal court. *See* 28 U.S.C. § 2254(a); *see also* L.R. 83-16.1 ("A petition for a writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court.").

Second, even without these jurisdictional defects, the Petition does not appear exhausted. A federal court may not grant habeas relief to a person held in state custody unless he has exhausted available state court remedies by fairly presenting his federal claims in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10007-AG (SK) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Kenneth Wayne Lewis v. Mens Colony | | |

California state appellate courts, up to and including the California Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Petitioner claims that he is entitled to parole under California Senate Bill 260, which makes certain juvenile offenders serving indeterminate life sentences eligible for parole after 25 years. *See* Cal. Penal Code § 3051(b)(3) (2018); *Avalos v. Stu Sherman*, 2018 WL 5304855, at *2 n.2 (C.D. Cal. Sept. 10, 2018). But the face of the Petition reveals that Petitioner sought only direct review of his conviction in the California Supreme Court in 2010—before SB 260 even took effect in 2014. (Pet. at 5-6). Thus, the claim appears unexhausted because there is no evidence that Petitioner has raised his current claim in the California appellate courts through state habeas proceedings. *See Michal v. Borders*, 2017 WL 6942434, at *2 (C.D. Cal. Dec. 11, 2017).

Third, even if the Court had jurisdiction and the Petition were exhausted, it also appears untimely given that Petitioner was convicted in 1979. Absent exceptions that do not apply here, a federal petition must be filed within one year from the date on which the state conviction became final unless tolling applies. *See* 28 U.S.C. § 2244 (d)(1)(A). Statutory tolling may apply during the pendency of a "properly filed" state habeas petition, 28 U.S.C. § 2244(d)(2), but not if the state habeas petition is filed *after* the expiration of the one-year limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Even by the most generous accounting, using the California Supreme Court's denial of his petition for review in 2010, this federal petition would still be seven years too late. Nor does there appear in the Petition any basis for equitable tolling or the delayed commencement of the limitations period under § 2254(d)(1).

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before January 7, 2019 why the Court should not dismiss this action for lack of jurisdiction, failure to exhaust, and untimeliness. **If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.